CONNECTICUT RIVER MUTUAL FIRE INS. CO. *v.* WHIPPLE.

A policy of insurance issued by a foreign insurance company not being invalidated by the company's want of authority to do business in this state (Gen. Laws, c. 174, s. 3), a note given by the insured as the consideration of the policy is valid.

An assessment upon the face of a premium note is proportional when it is made in the same manner upon all the notes of that class.

ASSUMPSIT, to recover an assessment made by the plaintiffs upon a premium note of the defendant. Facts found by a referee. The plaintiffs are a mutual fire insurance company, chartered and organized under the laws of Vermont, and located and having their principal place of business at Bellows Falls, Vt. The defendant is a citizen and resident of this state. His buildings and their contents were insured Dec. 16, 1871, for six years, at which time he gave the note in suit. At the defendant's request, one Cutting procured a blank application for insurance, wrote in it by the defendant's directions the answers to the questions, and the defendant signed it, and Cutting then sent it to the plaintiffs' home office. The plaintiffs wrote the premium note, dating it at Bellows Falls, and sent it with the blank application to Cutting. The defendant signed the note in this state, and sent it to the plaintiffs with the application, and the plaintiffs sent the policy to the defendant by mail. For Cutting's services in this and three or four other cases the plaintiffs afterwards paid him a small sum. They never employed him to act as their agent, never authorized him to solicit insurance, and did not understand he was acting as their agent, and Cutting did not understand he was in .any sense the plaintiffs' agent. When the note was given, the plaintiffs had no agent in this state and have had none since. They have not complied with Gen. Laws, *c.* 174, relating to foreign insurance companies, and have never been authorized to do business in this state.

The referee finds, that so far as it is a question of fact, the contract was made in Vermont and was to be performed there.

The defendant has been assessed upon the note for his .proportion of the losses for 1872, '3, '4, '5, and '6. The present assessment was $9\frac{1}{2}$ per cent. of the note, and this was the defendant's proportionate share of the losses occurring in 1877, prior to the expiration of his policy. The assessment was on the whole note, and not on the balance after deducting previous assessments made and paid. The defendant claimed that it should have been made on the balance due on the note. The assessment was made in the same mode assessments have always been made, and was proportional.

The court ordered judgment on the report for the plaintiffs, and the defendant excepted. .

*Edes & Newton* and *H. W. Parker*, for the defendant.

*G. R. Brown*, for the .plaintiffs.

STANLEY, J. The statute forbids the issuance of policies of insurance by companies chartered by other states, unless such companies have been authorized and their agents licensed by the insurance commissioner of this state, and a penalty of not exceeding $2,000 is imposed on any company issuing policies without

such authority and on its officers, and a penalty of $100 is incurred by any person who shall, without such license, solicit or receive any risk or application for insurance, or receive money or value therefor; but any policy issued on an application thus procured shall bind the company. G. L., c. 174, s. 3. The defendant contends that the plaintiffs having no authority to do business in this state, and Cutting having no license to solicit or receive any risk or application, this action must fail, although there was a binding contract upon the plaintiffs. The policy of insurance was binding on them, and insured the defendant's property; and it is one of the essentials of a valid contract that there should be a consideration. The consideration in this case was the defendant's note; and it must be regarded as valid, or this class of contracts furnishes an exception to the general rule. We see no evidence of a legislative intention to release the insured from his part of the contract.

In *Haverhill Ins. Co.* v. *Prescott*, 42 N. H. 547, the contract of insurance being invalid, the note was without consideration. This is the express ground of the decision in that case. It was made in 1861; and in June, 1862, it was enacted that any insurance extension or renewal of insurance made by any company shall be valid against them, though the agent shall not be commissioned, or his commission recorded (Laws of 1862, c. 2,627, s. 2); and in 1870 (Laws of 1870, c. 1) the statute was modified and left in substantially its present form. On this view it is immaterial whether the contract was made here or in Vermont. *Union Ins. Co.* v. *Smart*, 60 N. H. 458. The defendant objects that the assessment was improperly made because made upon the face of the note, there having been payments upon it. The referee has found that this method was according to the charter, and that the assessment was made in the same way on all the notes in the same class with the note in suit, and that it was proportional. The finding of the referee disposes of this objection.

*Exceptions overruled.*

ALLEN and SMITH, JJ., did not sit; the others concurred.