UNION INSURANCE COMPANY *v.* SMART.

A foreign insurance company may recover in an action upon a premium note given as the consideration for a contract of insurance made in this state, although such company have not complied with the laws of this state in regard to insurance. *Haverhill Insurance Company* v. *Prescott,* 42 N. H. 547, distinguished.

Where the articles of an insurance association direct that its policies be signed by its president and countersigned by its secretary, the omission of the president to sign a policy, otherwise valid, does not render such policy invalid.

ASSUMPSIT, on the defendant's promissory note for $226, dated December 18, 1877, and given for the premium on a policy of insurance issued by the plaintiffs upon the defendant's schooner for one year from that date. The defendant at the date of the insurance, and during its continuance, was a resident of Newmarket in this state. The schooner was launched at Newmarket, but at the time of the insurance was at Gloucester, Mass. The policy, signed by the plaintiffs' secretary, but not signed by their president, was

sent and delivered to the defendant at Newmarket. The plaintiffs' articles of association provided that their policies should be signed by their president and countersigned by their secretary. The defendant offered to show that he never observed that the policy was not signed by the president until a short time before it expired, when he wrote to the plaintiffs about it, but received no reply before it expired. The evidence was rejected, and the defendant excepted.

The plaintiffs were never incorporated. In 1865 they formed themselves into a company by the name of the Union Insurance Company, for the purpose of carrying on the business of marine insurance, with written articles of association, which provided for a capital of $100,000, divided into shares of the par value of $100 each. The articles further provided that each subscriber for shares should pay in advance five dollars on each share, and give a note satisfactorily endorsed for the balance. The capital was subscribed for and paid in, as provided in the articles. The plaintiffs offered no evidence of any further authority to transact the business of insurance, or of compliance with the laws of Massachusetts regulating insurance.

The plaintiffs sued as a corporation organized under the laws of Massachusetts. At the trial the writ was amended by describing the persons forming the association, numbering about one hundred, as copartners doing business under the name of the Union Insurance Company. The defendant contended that the policy was void because never signed by the plaintiffs' president; also because the plaintiffs had not complied with the laws of Massachusetts, and consequently that the consideration for the note had failed. The defendant put in evidence the following statutes of Massachusetts: Gen. Sts., c. 58, s. 32; Laws 1871, c. 297, s. 5; Laws 1872, c. 325, s. 2; Laws 1873, c. 141, s. 14; ib., cc. 182, 375. The court ordered a verdict for the plaintiffs, and the defendant excepted.

*J. F. Wiggin* and *G. C. & G. K. Bartlett*, for the defendant.

*J. S. H. Frink* and *A. L. Mellows*, for the plaintiffs.

SMITH, J. The case appears to have been tried upon the theory that the note and policy are Massachusetts contracts. But it does not appear where they were signed, or dated, or made payable. There is nothing to show that they are Massachusetts contracts, either made or to be performed in that state. Upon the facts stated, which are meagre, the legal inference is that they are New Hampshire contracts, governed by the laws of New Hampshire.

The plaintiffs are not a corporation, but a partnership or association, and are prohibited from the transaction of the business of insurance in this state until they comply with the provisions of

our statutes. Gen. Sts., *c.* 159; Laws 1876, *c.* 11, *s.* 1; Laws 1870, *c.* 1, *s.* 1. But a contract of insurance made by them in this state is valid, notwithstanding their failure to comply with our laws. Gen. Sts., *c.* 159, *s.* 10. The question then is, whether they can recover a premium note given for insurance which they were forbidden to contract. In *Haverhill Insurance Company* v. *Prescott,* 42 N. H. 547, decided in 1861, the plaintiffs had not complied with the laws of this state, and it was held that the company having no power to make such contracts in New Hampshire, the insurance was invalid, and constituted no consideration for the note. This was prior to the statute first passed in 1862, declaring that any insurance made by a foreign insurance company should be valid against the company, although it may not have complied with the requirements of our statutes. Laws 1862, *c.* 2,627, *s.* 2. In *Haverhill Insurance Co.* v. *Prescott, supra,* the contract of insurance was declared invalid, because the company was prohibited by statute from engaging in such business. To remedy the injustice to persons holding policies in foreign insurance companies thus declared invalid, the statute of 1862 was passed, reënacted in Gen. Sts., *c.* 159, *s.* 10, and again in Gen. Laws, *c.* 174, *s.* 3. The statute was one of protection to the insured. To give the policy-holder the protection intended by statute, it is necessary to hold the premium note given for a policy declared by the statute valid against the company also valid; otherwise there would be no consideration for the policy. The statute of 1862 declared that a foreign company should not recover any premium or assessment, or any contract of insurance with any citizen of this state, until it should comply with the provisions of the statute. Laws 1862, *c.* 2,627, *s.* 2. But this provision was omitted in the revisions of 1867 and 1878. Gen. Sts., *c.* 159, *s.* 10; G. L., *c.* 174, *s.* 3. Whether it is in the power of the legislature to declare a contract, for which there is no consideration, binding upon one party and not binding upon the other, is a question which we are not called upon to consider. Since 1867 the legislature, in preventing injustice to the assured by declaring such contracts of insurance valid against the company, has not intended to do injustice to the insurer by declaring a contract valid for which there was no consideration. It was not its object to visit the penalty for an infringement of the statute upon the innocent policy-holder, but to subject the company and its agents to the liability of a criminal prosecution. Laws 1862, *c.* 159, *s.* 11.

The policy was binding upon the plaintiffs, although not signed by their president. Such a provision in the charter or by-laws of an insurance company is regarded as merely enabling, and not a restriction of the general power to effect contracts in any other lawful and convenient mode. May Ins. (1st ed.), *s.* 23, and authorities cited. The maxim *expressio unius,* etc., is not of universal application, but depends upon the intention of the party as

discoverable upon the face of the instrument or of the transaction.
Bro. Max. 653.   The provision in the plaintiffs' articles of associa-
tion requiring the signature of their president, does not exclude the
issuing of policies without it.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.