CONNECTICUT RIVER MUTUAL FIRE INS. CO. *v.* WAY.

A foreign insurance company may recover in an action upon a premium
note given as the consideration for a contract of insurance upon property
in this state, made and to be performed in the state where the company
is domiciled, although it has not complied with the laws of this state in
regard to insurance.

The record of a vote of the directors of a mutual insurance company
authorizing an assessment for the payment of losses and expenses, intro-
duced without objection, is sufficient *prima facie* evidence of such losses
and expenses in an action to recover such assessment.

The defendant cannot set up as a defence that the subject-matter of the
suit has been made the subject of a champertous contract between the
plaintiff and a stranger, unless he shows that the contract is in some
way injurious to him.

ASSUMPSIT, for assessments on premium notes given by the
defendant for insurance upon property in this state in the plaintiff
company. Facts found by a referee. The plaintiffs are a foreign
corporation, organized under the laws of Vermont, and have not
complied with the laws of New Hampshire relating to foreign
insurance companies. The defendant was, at the time of the insur-
ance and assessments, and still is, a resident of New Hampshire.
He applied to one Hamlin, a resident of this state, for insurance.
Hamlin furnished him with blank applications from a supply sent
him by the plaintiffs, two of which the defendant filled up, and
Hamlin the other. The premiums were paid to Hamlin, and for-
warded by him to the plaintiffs with the applications and notes.
The contract was a Vermont contract. Under the charter the
members are liable to assessment on their deposit notes for the
payment of losses and expenses. The by-laws authorize the direc-
tors to make assessments at such times as they may deem expe-
dient, but not to be collected oftener than once a year.

There was no evidence of the amount of income, losses, or
liabilities, or the amount of the premium notes for any of the years
for which assessments were made, unless the statement of the
treasurer that he had, previous to the voting of each assessment,
calculated the percentage of assessment necessary to be made on
the premium notes, based on the losses and liabilities for the year
preceding and on the amount of the premium notes, and that he
reported the same to the directors, and the record of the vote of
the directors making the assessment is such evidence.

One Osgood attended to the collection of assessments against
New Hampshire persons, under a contract made in Vermont, which
is as follows:

                                   " Bellows Falls, Oct. 7, 1879.

" Rec'd of Geo Slate, Treasurer of the Conn. River Mutual Fire
Insurance Company, the within and above described assessment
receipts, which I am to collect and pay over to said Slate on de-
mand.   And the said Slate agrees to allow me, the said R. C.
Osgood, 40 per cent. of whatever I may collect of the same.   And
the said R. C. Osgood agrees to bear all the expenses in and about
the collection of said assessments.   Said assessments amount to
eight hundred and twenty-eight dollars and thirty-seven cents
($828.37).

                                   " R. C. Osgood
                                     Geo. Slate, Treasurer."


Against the defendant's objection, Osgood was allowed to testify
that subsequently to the above contract he was authorized by
Slate to bring suits, and that there was no agreement as to who
should pay the expense of the litigation.   This suit was brought
by Osgood's direction.   The defendant contended that the written
contract included this suit, is champertous, and for that as well as
other reasons the suit cannot be maintained.   If the suit can be
maintained, the plaintiffs are entitled to recover $51.50, including
interest to the time of the filing of the report.   Both parties moved
for judgment.

   *G. R. Brown*, for the plaintiffs.

   *H. Holt*, for the defendant.

   SMITH, J.   The plaintiffs are entitled to judgment.   The con-
tract for insurance was made in Vermont, to be performed in Ver-
mont, and is not shown to be invalid under the laws of that state.
*Insurance Company* v. *Whipple*, 61 N. H. 61.   The result would
be the same if the contract was to be performed in New Hamp-
shire, although the plaintiffs, a Vermont corporation, have not
complied with the laws of the state in regard to insurance.   *Insur-
ance Company* v. *Smart*, 60 N. H. 458; G. L., c. 171, s. 10; Laws
1870, c. 1, ss. 3, 13.
   The record of the directors' vote authorizing the assessments,
introduced without objection, was *prima facie* evidence of the
assessments and losses.   *Insurance Company* v. *Allen*, 10 Gray
297; *Insurance Company* v. *Harvey*, 45 N. H. 292.   If the evidence
was not competent, objection should have been made at the hear-
ing, so that the plaintiffs might have produced other evidence if
they had it.   They may have omitted to do so because of the
defendant's neglect to object to that which was offered.
   Champerty being an offence at common law (*Christie* v. *Sawyer*,
44 N. H. 298) is presumed to be against the law of another state,
the contrary not appearing.   *Thurston* v. *Percival*, 1 Pick. 415.

But whether the contract between the plaintiffs' treasurer and Osgood is champertous is a question that does not arise. It was not within the scope of the treasurer's duties to make such a contract. The contract upon its face is the contract of Slate and not of the company. Perhaps there is enough stated in the report to lead to the inference that Osgood and Slate both supposed the latter was contracting on behalf of the company. Although this suit was brought by Osgood's direction, it is not shown that he is the plaintiff in interest, or that the suit is prosecuted by him. The company appear by their attorney. There is no presumption that he appears without authority, or, in the absence of evidence to the contrary, for a party other than that of record. *Bank* v. *Fellows*, 28 N. H. 302; *Leavitt* v. *Wallace*, 12 N. H. 490; *Stevens* v. *Fuller*, 55 N. H. 443. This is not a suit by Osgood against the company to recover compensation rendered under a champertous contract. The defendant cannot set up as a defence that the subject-matter of the suit has been made the subject of a champertous contract between the plaintiff and a stranger, unless he shows that the contract is in some way injurious to him. *Taylor* v. *Gilman*, 58 N. H. 417.

No reason has been assigned why Osgood's testimony was not competent, and none is perceived.

*Case discharged.*

ALLEN J., did not sit: the others concurred.