COMMONWEALTH MUTUAL FIRE INS. COMPANY *vs.* WM. H. PLACE & CO.

PROVIDENCE—MARCH 24, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Insurance Contracts.*

Under the provisions of cap. 182, § 17, Gen. Laws R. I., a contract of insurance made by a foreign insurance company doing business in this State is valid and can be put in suit without limitation in favor of either party, notwithstanding such insurance is made in violation of the provisions of said chapter.

*Ins. Com'r* v. *Commercial Ins. Co.*, 20 R. I. 7, explained and distinguished.

ASSUMPSIT. The facts are stated in the opinion. Heard on exceptions to decision of Sixth District Court overruling demurrer of plaintiff to defendant's pleas. Exceptions overruled.

STINESS, J. The plaintiff, a mutual fire insurance company, brought suit in the District Court for assessments made under the provisions of its policy issued to the defendants.

The pleas of the defendants set up that the plaintiff is a foreign insurance company incorporated in the State of Massachusetts, and not under the authority of this State, and that it has not complied with the law of this State, assigning several breaches of the statutes. The plaintiff's demurrer to these pleas having been sustained in the District Court and the pleas overruled, the case is brought to this court on exceptions.

(1)    We think that the ruling of the District Court was correct. The general question whether a corporation, which has not complied with our laws, can maintain a suit in this State for a debt due was considered in *Garratt* v. *Vermont Mfg. Co.*, 20 R. I. 187, and our conclusion was that our statutes do not go further than to impose a penalty for non-compliance with their provisions. But in cases of insurance the statutes say, Gen. Laws R. I. cap. 182, § 17 : "If any insurance company, co-operative or otherwise, shall make insurance without complying with the provisions of this chapter, the contract shall be valid, but every person acting within this State as agent of such company" shall be fined.

The defendants claim that the true intent of this provision is expressed in the marginal note of the section, which is : "Insurance contrary to this chapter to be valid *as to the insured*, but the agent liable to penalty." The defendants also refer to the words on the title page of the General Laws : "Published by authority of the General Assembly," as though they imported a legislative sanction to the construction given to the section in the marginal note. Of course the laws were so published, as all laws are ; but the resolution ordering the publication of the General Laws provided that " the several sections shall have side notes briefly indicating the contents thereof." It can hardly be claimed that the legislature thereby gave its sanction to the correctness of notes which were to be prepared afterwards. They were to be merely abstracts for convenience, and as much outside of legislative responsibility as the index. In this instance there is nothing whatever in the section to sustain the note. The section says " the contract shall be valid." There is no limi-

tation in favor of the insured, and we are unable to see how the declaration that the contract shall be valid can be construed to mean anything else than as valid to both parties when there is nothing in the declaration to limit its general effect.    It is not to be presumed that the legislature meant to make one side only of the contract valid, leaving the other party free from the obligation to pay the consideration ; for if the consideration fails there is no contract.    If the contract is valid it can be put in suit.    *Union Ins. Co.* v. *Smart*, 60 N. H. 458 ; *Conn. Ins. Co.* v. *Whipple*, 61 N. H. 61 ; *Conn. Ins. Co.* v. *Way*, 62 N. H. 622.

The defendants also claim that, as the statute forbids a foreign insurance company from making insurance on property within this State until it shall have complied with the laws, the company cannot maintain an action in the courts of this State on a contract made contrary to law, and many cases are cited in support of this claim.

In *Garratt* v. *Vermont Co.* we recognized the fact that the greater number of authorities are that way, but we also called attention to underlying differences, such as statutes which declare the contracts to be void, statutes which declare them to be valid, and statutes which neither declare them to be void or valid.    Our conclusion was largely based upon the provision in regard to insurance which declares the contract to be valid as tending to show that it was not intended that some contracts, made contrary to law, should be valid and that others should be void.

The defendants, however, understand from a sentence in *Ins. Com'r* v. *Commercial Ins. Co.*, 20 R. I. 7, that this court decided that a company which has not complied with the laws of a State cannot maintain a suit therein.    We did not so decide.    The case was the petition of a receiver of an insolvent mutual insurance company for instructions in regard to making an assessment.    In the testimony it was stated that the company had complied with the laws of only three States ; "therefore assessments are collectible only in those States."    The question was whether the receiver should make assessments which he could not collect.    In addition

to his affidavit on file, the receiver was examined, and quite likely the States in which the assessments were declared not to be collectible were those where the contract is declared or held to be void.    The clause quoted was the statement of the receiver and not the decision of the court.    We took the fact as alleged and as we also found it to be proved.

We think that the provision of the statute declaring the contract in this class of cases to be valid is conclusive in this case, making the contract valid as to both parties, and necessarily implying that it may be sued on in our courts.    The ruling of the Sixth District Court, sustaining demurrers to the defendants' pleas, was correct.

The exceptions are overruled and the case remitted for further proceedings.

*Van Slyck & Mumford*, for plaintiff.

*Warren R. Perce*, for defendant.